IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAC Maritime, Ltd. § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO.: |
| vs. § | |
| § | IN ADMIRALTY, Rule 9(h) |
| M/V OCEAN FORCE, IMO 8215613, its § | |
| engines, tackle and apparel, § | |
| § | |
| Defendant *in rem*. § | |

**VERIFIED COMPLAINT WITH REQUEST
FOR ISSUE OF WARRANT OF ARREST**

CAC Maritime, Ltd. ("CAC") brings this action against defendant OCEAN FORCE, IMO 8215613, its engines, tackle and apparel ("Vessel"), *in rem*, pursuant to Supplemental Rule C for Certain Admiralty and Maritime Claims states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Vessel is located in this District.

**The Parties**

3. CAC is a vessel charterer located in Panama.

4. The Vessel is an ocean-going roll on-roll off vessel.

**Facts**

5. On or about December 23, 2020 CAC chartered the Vessel from the Vessel's owners, Redbrick Ventures, Inc. c/o Primeshipping International, BVI corporation, office, ofis 301N, ul Very Inber 5, Odessa, 65014, Ukraine ("Owners"), taking possession of the Vessel at or near Fall River, Massachusetts. Almost immediately, CAC began to experience problems with

27727076.1

the Vessel and cargo. Owners had represented that the Vessel would have some small amount of Owners' equipment aboard, but instead, it was cargo; there were aboard (and remain aboard) four 40 foot containers, and two twenty foot containers, filled with hazardous cargo.

6. Because Owners had failed to unload the excess cargo from the Vessel, the Vessel could not fully load cargo at Fall River, causing CAC to lose profits; then proceeded to St. Martin and then to Guadaloupe, but experienced delays in loading. The Vessel then proceeded to Jacumel, Haiti, where it was supposed to unload cargo, but did not because of problems with the port there. The Vessel then proceeded from Jacumel to Wilmington, to take on further cargo.

7. On arrival at Wilmington, however, the Vessel could not take on the cargo to be loaded because the Vessel still had failed to discharge the unload cargo at Haiti and also was carrying the six containers, left on the Vessel from a prior voyage and prior to the Charter Party with CAC.

8. The Vessel consequently was not fit for its purpose, namely, not being cleared with cargo before the Charter Party, and then failing to loading cargo and timely proceeding as required by the Charter Party.

9. CAC has suffered damages from this breach of charter party, as demanded below.

## Count I – Breach of Maritime Contract

9. CAC incorporates the above paragraphs as if fully set forth herein.

10. Owners of the Vessel have breached their maritime contract, namely, the Charter Party, with CAC as set out above. CAC therefore demands judgment against the Vessel, as set out more fully below.

### Count II – Maritime Lien In Rem Against the Vessel and Proceeds

11. CAC incorporates the above paragraphs as if fully set forth herein.

12. CAC as a consequence of the breach of charter party holds maritime liens *in rem* against the Vessel and proceeds. CAC therefore demands judgment against the Vessel and proceeds, as set out more fully below.

### Prayer for Relief

WHEREFORE, CAC prays:

A. That in response to Count I, this Court enter judgment against the Vessel and in favor of CAC for at least $500,000, and contractual interest plus further amounts for attorneys' fees of at least $150,000, **total, $650,000**.

B. In response to Count II, that this Court order that the *in rem* claims against the Vessel of CAC proceed against the Vessel, *in rem*, and that on judgment CAC's maritime lien claims *in rem* be paid from the proceeds, in the amount of at least that demanded above; and

C. That this Court award CAC such other and further relief that this Court deems just and proper.

|  |  |
|---|---|
| | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| **OF COUNSEL** | |
| | */s/ Timothy Jay Houseal* |
| J. Stephen Simms | _____ |
| Simms Showers LLP | Timothy Jay Houseal (Del. Bar ID No. 2880) |
| 201 International Circle, Ste. 250 | Rodney Square |
| Baltimore, Maryland 21030 | 1000 North King Street |
| Telephone: (410) 783-5795 | Wilmington, DE 19801 |
| Facsimile: (410) 510-1789 | (302) 571-3267 |
| jssimms@simmsshowers.com | thouseal@ycst.com |
| | |
| Dated: February 12, 2021 | *Attorneys for CAC Maritime Ltd.* |

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to CAC.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of CAC made available to me by CAC. Authorized officers of CAC are not readily available in this District to make verifications on CAC' behalf. I am authorized to make this verification on CAC's behalf.

>Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

>Executed on February 12, 2021.

>*/s/ J. Stephen Simms*
>J. Stephen Simms
>Simms Showers LLP
>201 International Circle
>Baltimore, Maryland 21030
>Tel: 410-783-5795
>Email: jssimms@simmsshowers.com