IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAC Maritime, Ltd.,<br><br>     Plaintiff,<br><br>vs.<br><br>M/V OCEAN FORCE, IMO 8215613, its engines, tackle and apparel,<br><br>     Defendant in rem.<br><br>―――――――――――――――――<br><br>Rapid Global Shipping, Inc.,<br><br>     Intervenor Plaintiff,<br><br>vs.<br><br>CAC Maritime, Ltd.,<br><br>     Intervenor Defendant,<br><br>and<br><br>The Master of the M/V OCEAN FORCE,<br><br>     Garnishee. | Case No. 21-cv-202-RGA |

**VERIFIED INTERVENOR COMPLAINT IN ADMIRALTY**

Rapid Global Shipping, Inc. ("RGS"), by its attorneys Palmer Biezup & Henderson LLP, brings this Intervenor Complaint against CAC Maritime, Ltd. ("CAC") and alleges as follows:

1. This is a claim for breach of a maritime contract, namely a voyage charter party, for the use of an oceangoing cargo vessel and is therefore an admiralty and maritime claim under 28

U.S.C. § 1333(1). This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the property RGS seeks to attach—namely CAC's right, title, or interest in the M/V OCEAN FORCE, IMO 8215613, its engines, tackle and apparel (the "Vessel") and in the bunkers on board the Vessel—is now within this District.

3. RGS is a corporation duly organized and existing under the laws of Delaware, with a principal office in East Windsor, New Jersey.

4. CAC is a foreign business entity with an office in Panama.

5. CAC has no known office, business presence, or agent for service of process in this District.

## COUNT I

## BREACH OF MARITIME CONTRACT

6. On or about January 13, 2021, RGS and CAC entered into a voyage charter party by which CAC agreed to provide the Vessel to carry cargo for RGS from Wilmington, Delaware to Saint-Marc, Haiti, with a laycan of January 27-30, 2021.

7. RGS fully performed its obligations under the charter party, including prepayment of $60,000, equal to one-half of the freight.

8. The Vessel was not ready to load at Wilmington by the cancelling date or at any time thereafter.

9. Due to the Vessel's inability to load cargo at Wilmington, RGS exercised its option to cancel the charter party and demanded that CAC return to RGS the prepaid freight in the amount of $60,000.

10. Despite repeated demands, CAC has failed—without any legal basis—to return the freight to RGS.

11. CAC has further breached the express and implied terms of the charter party by, among other things, failing ensure that the Vessel's prior commitments were completed before the Vessel proceeded to Wilmington, failing to ensure that the Vessel was in a condition to receive cargo at Wilmington, and failing to timely notify RGS of the Vessel's actual condition and of its inability to receive cargo.

12. In addition to its failure to return to RGS the $60,000 in prepaid freight, CAC's breaches have caused substantial damages to RGS, including, as best as can now be estimated, loss of revenue due to the Vessel's inability to load and carry the cargo as agreed (approximately $40,000), costs of removing unshipped cargo from the Port of Wilmington ($29,400), costs of Customs documentation ($13,440), and loss of other revenue and business opportunities due to the Vessel's failure to perform and the consequent shutting out of RGS's customers at the Port of Wilmington (approximately $130,000).

13. In all, CAC is liable to RGS in a principal amount not less than $272,840.

14. Interest, costs, and attorneys' fees may reasonably be projected to reach an additional $100,000.

15. Upon information and belief and after investigation, RGS submits that CAC cannot be "found" within this District for purposes of Fed. R. Civ. P. Supp. B(1)(a).

16. Upon information and belief, CAC is itself a disponent owner and time charterer of the Vessel, and also owns some or all of the bunkers now on board the Vessel.

17. Upon information and belief, CAC now has, or during the pendency of this action will have, property present within this District—including the bunkers on board the Vessel as

well as CAC's own *in rem* rights in and against Vessel—and RGS is entitled to attach any and all such property pursuant to Fed. R. Civ. P. Supp. B, up to the amount of RGS's claim.

18. For the purpose of obtaining *quasi in rem* jurisdiction over CAC, and to secure RGS's claim, RGS seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Fed. R. Civ. P. Supp. B so as to attach the bunkers on board the Vessel, CAC's own *in rem* rights in and against Vessel, and any other property of CAC that may be present in this District.

WHEREFORE, RGS prays:

a. That process in due form of law according to the practice of this Court issue against CAC, citing it to appear and answer under oath all and singular the matters alleged;

b. That all tangible or intangible property of CAC up to the amount of $372,840 be restrained and attached, including but not limited to the bunkers on board the Vessel, CAC's own *in rem* rights in and against the Vessel, and any cash, funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and any other property of or debt belonging to, due to, or for the benefit of CAC, including but not limited to such assets as may be within the possession, custody, or control of any garnishees served with a copy of the Process of Maritime Attachment and Garnishment; and

c. That any garnishee served with Process of Maritime Attachment and Garnishment appear and answer in accordance with Fed. R. Civ. P. Supp. B(3); and

d. For such further relief as may be just and proper, including an award of costs and attorneys' fees.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Dated: March 3, 2021 By: /s/ Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 478-7443
mccauley@pbh.com
Attorneys for Rapid Global Shipping, Inc.

Of Counsel:
Daniel H. Wooster
PALMER BIEZUP & HENDERSON LLP
190 N. Independence Mall West, Suite 401
Philadelphia, PA 19106
(215) 625-9900
dwooster@pbh.com

## VERIFICATION AND DECLARATION IN SUPPORT OF INTERVENOR COMPLAINT AND APPLICATION FOR MARITIME ATTACHMENT

I, Michael B. McCauley, declare as follows:

1. I am a partner with Palmer Biezup and Henderson LLP, attorneys for Rapid Global Shipping, Inc. ("RGS") in this action.

2. I make this Verification and Declaration in support of RGS's Verified Complaint and application for the issuance of Process of Maritime Attachment and Garnishment under Fed. R. Civ. P. Supp. B.

3. I have read the foregoing Verified Intervenor Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge, information, and belief.

4. The sources of my information and the grounds for my belief are communications, information, and documentation provided by RGS.

5. The reason this Declaration is made by an attorney and not by RGS is because none of RGS's officers are presently within this District.

6. The undersigned has made the following efforts on behalf of RGS to find CAC Maritime, Ltd. within this District:

   a) Obtained information provided by RGS;

   b) Conducted an on-line computer search for "CAC Maritime, Ltd." in the database maintained by the Delaware Department of State and found no record of any such entity registered or otherwise qualified to do business in the State of Delaware;

   c) Conducted an on-line Google search for "CAC Maritime, Ltd." and found that CAC Maritime, Ltd. appears to have no offices or business addresses in the State of Delaware; and

    d)  Examined electronically available telephone directories covering this District and found no telephone listing for CAC Maritime, Ltd.

  7.  Based upon the results of the inquiries detailed above, to the best of my information and belief, CAC Maritime, Ltd. is a foreign entity and cannot be found within this District within the meaning of Rule B.

  I declare under penalty of perjury that the foregoing statements are true and correct. Executed this 3rd day of March 2021.

            PALMER BIEZUP & HENDERSON LLP

        By: /s/ Michael B. McCauley (ID 2416)
            1223 Foulk Road
            Wilmington, DE 19803
            (302) 478-7443
            mccauley@pbh.com
            Attorneys for Rapid Global Shipping, Inc.