## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| CAC Maritime, Ltd., | : | |
| | : | |
| Plaintiff, | : | C.A. No. 21-202-RGA |
| | : | |
| vs. | : | IN ADMIRALTY |
| | : | |
| | : | |
| Redbrick Ventures, Ltd. | : | |
| | : | |
| Defendant *quasi in rem,* | : | |
| | : | |

---

| | | |
|---|---|---|
| Rapid Global Shipping, Inc., | : | |
| | : | |
| Intervenor Plaintiff, | : | |
| vs. | : | |
| | : | |
| CAC Maritime, Ltd., | : | |
| | : | |
| Intervenor Defendant, | : | |
| and | : | |
| | : | |
| The Master of the M/V OCEAN FORCE, | : | |
| | : | |
| Garnishee. | : | |

---

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR COUNTER-SECURITY, SECURITY FOR COSTS, AND TO SET BOND

Dated:  April 2, 2021

**OF COUNSEL**:

| | |
|---|---|
| Briton P. Sparkman (*admitted pro hac vice)* | Denise S. Kraft (DE Bar No.2278) |
| **CHALOS & CO, P.C.** | Anne Kai Seelaus (DE Bar No. 4970) |
| 55 Hamilton Avenue | **BARNARD MEZZANOTTE** |
| Oyster Bay, NY 11771 | **PINNIE, SEELAUS & KRAFT, LLP** |
| Tel: (516) 714-4300 | 1205 N. Orange Street |
| bsparkman@chaloslaw.com | Wilmington, DE  19899 |
| | PO Box 26304 |
| | Tel: (302) 594-4535 |
| | dkraft@bmplaw.net |
| | kseelaus@bmplaw.net |

*Attorneys for Redbrick Ventures, Ltd.*
*and the M/V OCEAN FORCE, in rem*

ii

## **TABLE OF CONTENTS**

INTRODUCTION..................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND……………………………………………1

RULE 7.1.1 STATEMENT...................................................................................................2

POINTS AND AUTHORITIES.............................................................................................2

    A.  PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(7)(a) DEFENDANT IS
        ENTITLED TO COUNTER-SECURITY IN THE AMOUNT OF USD ………………..2

    B.  DEFENDANT RESPECTFULLY SEEKS SECURITY FOR COSTS PURSUANT
        TO SUPPLEMENTAL ADMIRALTY RULE E(2)(B)…………………………………..4

    C.  PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(6) THE SECURITY
        DEMANDED BY PLAINTIFF CAC MARITIME LTD. SHOULD BE REDUCED…...6

CONCLUSION.....................................................................................................................7

## TABLE OF CITATIONS

**Cases**

*A. Coker v. National Shipping Agency Corporation*,
    1999 U.S. Dist. LEXIS 8131 (E.D.La. 1999)....................................................................5

*A.R.A. Anomina Ravannate Di Armamento, S.p.A. v. Heidmar, Inc.*,
    1997 U.S. Dist. LEXIS 15291 (S.D.N.Y. 1997)............................................................6

*Beauregard Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351 (5th Cir. 1997).......................................6

*Continental Shipping, Ltd. v. Telfair Int'l Corp.*,
    No. 88 Civ. 7257 (MBM), 1990 U.S. Dist. LEXIS 11549 (S.D.N.Y. 1990).................3

*Dongbu Express Co., Ltd. v. Navios Corp.*, 944 F.Supp. 235 (S.D.N.Y 1996)...........................6

*D.D. Forsht Assocs., Inc. v. Transamerica ICS, Inc.*
    821 F.2d 1556 (11th Cir. 1987)....................................................................................6

*Hanjin Overseas Bulk Ltd. v. CPM Corp.*,
    2009 U.S. Dist. LEXIS 41421 (S.D.N.Y. 2009)............................................................3

*Incas & Monterey Printing & Packaging, Ltd. v. M/V SANG JIN*,
    747 F.2d. 958 (5th Cir. 1985).......................................................................................3

*Island Tug & Barge Co. v. Barge ProWest II*, No. C13-0031RSM,
    2013 U.S. Dist. LEXIS 93058 (W.D. Wash. July 2, 2013).............................................3

*Lubricantes Venoco Int'l v. M/V Neveris*, 60 Fed. Appx. 835, 842 (1st Cir. 2003)...................6

*Pancoast Trading S.A. v. Eurograni S.r.L.,*2008 AMC 859 (S.D.N.Y. 2008)...........................4

*Result Shipping Co. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394 (2d Cir. 1995)...................3, 5

*Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottacchi S.A. de Navegacion*,
    773 F.2d 1528 (11th Cir. 1985).......................................................................................5

*Seaworthy Serv. v. NANEA*, No. 09-5062BHS,
    2009 U.S. Dist. LEXIS 40750, (W.D. Wash. 2009).........................................................3

*Swaidan Trading Co., LLC v. M/V Donousa*, No. 3:18-cv-00398-HZ,
    2018 U.S. Dist. LEXIS 116821 (D. Or. July 13, 2018)...................................................2

*Titan Navigation, Inc. v. Timsco, Inc.,* 808 F.2d 400, 404 (5th Cir. 1987)..................................3

*Ullises Shipping Corp. v. FAL Shipping Co.,*
    415 F. Supp. 2d 318 S.D.N.Y. 2006)....................................................................4

*Whitney-Fidalgo Seafoods, Inc. v. Miss Tammy,*
    542 F. Supp. 1302, 1305 (W.D. Wash. 1982).....................................................3

## **Rules**

Fed. R. Civ. P. Supp. Rule E(2)(b)..........................................................................1, 4, 5

Fed. R. Civ. P. Supp. Rule (E)(5)(a)..........................................................................1, 6

Fed. R. Civ. P. Supp. Rule (E)(6)..............................................................................1, 6

Fed. R. Civ. P. Supp. R. E(7)(a)...............................................................................1-3

**INTRODUCTION**

COMES NOW, Defendant REDBRICK VENTURES LTD. (hereinafter "Redbrick"), Owner of the attached M/V OCEAN FORCE IMO 8215613 (hereinafter the "Vessel"), by and through undersigned counsel, and pursuant to Rule E of the Supplemental Rules for Admiralty and Maritime Claims ("Supplemental Rules") submits this brief in support of its Motion seeking an order directing Plaintiff, CAC MARITIME LTD. ("CAC") to post security for the counter-claim filed by Redbrick pursuant to Rule E(7); to require CAC to post security for costs pursuant to Rule E(2), and to set a bond amount which reduces the security demanded by Plaintiff CAC pursuant to Rule E(5)(a) and Rule E(6).  Defendant respectfully states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

Redbrick's factual contentions are set forth in detail in the counterclaim filed on March 30, 2021.  *See* D.I. 49.  On or about December 13, 2020, non-party Primetransport Company OU, as commercial managers of the Vessel entered into a charter party agreement with Plaintiff, on behalf of Redbrick, for use of the Vessel. *Id*., at Counterclaim ¶ 8.   The Vessel remains under time charter to CAC and daily hire at the rate of USD 6,100 is accruing. *Id*., at ¶ 11. The parties have several pending disputes by and between themselves related to the terms and conditions of the charter party agreement and the cargo which will be subject to London arbitration. *Id*., at ¶¶ 9-10; 14-19.   Currently, CAC has unpaid hire outstanding bunker costs due and owing to Redbrick as the Vessel's Owner in the amount of not less than $488,531.05.    In addition, Redbrick has a claim for unpaid voyage costs and expenses for the trip to Haiti estimated to be in the range of $190,000. *Id*., at ¶¶14-16.

The Vessel was seized by Plaintiff pursuant to groundless Rule C maritime lien claim on or about February 12, 2021.  D.I. 1.  Plaintiff subsequently filed a Second Amended Complaint

1

and converted the Rule C arrest *in rem* to a Rule B attachment for its maritime claim. D.I. 31.

Following briefing and a hearing on March 26, 2021 on Defendant's Motion to Vacate pursuant

to Supplemental Rule E(4)(f), this Honorable Court following vacated the Rule C warrant of

arrest and upheld the Rule B maritime attachment.   On March 30, 2021, Redbrick filed an

Answer to CAC's Second Amended Complaint and included a compulsory counterclaim

pursuant to Fed. R. Civ. P. Rule 13(a) and Supplemental Rule E(7).   This motion for security

pursuant to Supplemental Rule E now follows.

## RULE 7.1.1 STATEMENT

Counsel for Plaintiff and Defendant discussed whether Plaintiff would agree to post

countersecurity voluntarily.  The parties did not agree on the issues presented in this motion and

Plaintiff is opposed to the relief sought.

## POINTS AND AUTHORITIES

### A. PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(7)(a) DEFENDANT IS ENTITLED TO COUNTER-SECURITY FOR ITS COUNTERCLAIM

Supplemental Admiralty Rule E(7)(a) governs security for counterclaims in admiralty actions

and states as follows:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given ***must give security for damages demanded in the counterclaim*** unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

Fed. R. Civ. P. Supp. R. E(7)(a)(emphasis added).

District Courts interpreting Rule E(7) have held, "[t]he purpose of Supplemental Rule

E(7) is to 'place the parties on a basis of equality as regards security.'" *Swaidan Trading Co.,*

*LLC v. M/V Donousa*, No. 3:18-cv-00398-HZ, 2018 U.S. Dist. LEXIS 116821, *3-4, 2018 AMC

2051, 2018 WL 3414317 (D. Or. July 13, 2018) (quoting *Whitney-Fidalgo Seafoods, Inc. v. Miss Tammy*, 542 F. Supp. 1302, 1305 (W.D. Wash. 1982); *Result Shipping Co. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394, 399 (2d Cir. 1995). It is intended as a means by which to remedy a defendant's insecurity with regard to the Plaintiff's ability to satisfy a judgment awarded by the Court. *Whitney-Fidalgo,* 542 F. Supp. at 1305. Generally, Courts have found that the goal and purpose of Rule E(7) countersecurity is to ensure an equal playing field. *Seaworthy Serv. v. NANEA*, No. 09-5062BHS, 2009 U.S. Dist. LEXIS 40750, *5, 2009 WL 1174654 (W.D. Wash. 2009) (*citing Titan Navigation, Inc. v. Timsco, Inc.,* 808 F.2d 400, 404 (5th Cir. 1987). There is a presumption that countersecurity will usually be required based on the plain language of the Rule. *Island Tug & Barge Co. v. Barge ProWest II*, No. C13-0031RSM, 2013 U.S. Dist. LEXIS 93058, *3 (W.D. Wash. July 2, 2013). As the Court in *Continental Shipping Ltd.* explained:

> The purpose is to force litigants to "put their money where there mouth is [*sic*]," so to speak. For example, Judge Learned Hand once required the United States of America to post counter-security on the defendant's cross-libel (today's counterclaim), staying the original action until such security was posted. *See The Gloria*, 267 F. 929, 930-931 (S.D.N.Y. 1919). One can hardly imagine a more financially secure plaintiff than the government, yet counter-security was required.

*Continental Shipping, Ltd. v. Telfair Int'l Corp.*, No. 88 Civ. 7257 (MBM), 1990 U.S. Dist. LEXIS 11549, *4-7 (S.D.N.Y. 1990).

Counter-security is appropriate and routinely granted when a defendant whose property has been attached asserts non-frivolous counterclaims growing out of the same transaction, especially when the counterclaimant could have proceeded *in rem* or *quasi in rem* in an independent suit. *Result Shipping Co.*, supra; *see also Hanjin Overseas Bulk Ltd. v. CPM Corp.*, 2009 U.S. Dist. LEXIS 41421, *5 (S.D.N.Y. 2009); *Incas & Monterey Printing & Packaging, Ltd. v. M/V SANG JIN,* 747 F.2d 958, 960 (5th Cir. 1985). Lack of countersecurity for the

3

defendant is a particular concern where, like here, the Plaintiff CAC is a foreign corporation with no presence in the District and no known assets for satisfaction of an arbitration award. *See Ullises Shipping Corp. v. FAL Shipping Co.*, 415 F. Supp. 2d 318, 326-327 (S.D.N.Y. 2006) (recognizing that a foreign corporation's lack of assets or presence and the substantial risk any judgment against such corporation would be unenforceable justifies imposition of security).

The text of Rule E(7) is clear that Plaintiff must give security for "damages demanded in the counterclaim," and does not limit the countersecurity to the amount of the security provided by the Defendant to secure the Plaintiff's claim. *See Pancoast Trading S.A. v. Eurograni S.r.L.,*2008 AMC 859 (S.D.N.Y. 2008).   Here, Redbrick has filed a valid, compulsory, and non-frivolous counter-claim against CAC for unpaid hire, voyage costs, and consumed bunkers as a result of the breach of the charter party agreement between the parties. D.I. 49.   Accordingly, the claim arises out of the same transaction and occurrence and damages for the unpaid hire and bunker consumption continue to accrue. *Id*.   At present, Redbrick seeks security in the amount of $946,384.15 to secure Redbrick's principal counterclaim and anticipated interests, costs, and fees from the underlying London Arbitration.   It is respectfully submitted that in order to place the parties on equal footing, countersecurity pursuant to Supplemental Rule E(7) is warranted and appropriate.

## B. DEFENDANT RESPECTFULLY SEEKS SECURITY FOR COSTS PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(2)(B)

Supplemental Admiralty Rule E(2)(b) provides in relevant part:

(b) *Security for Costs*. Subject to the provisions of Rule 54(d) and of relevant statutes, the court may, on the filing of the complaint or on the appearance of any defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court.

Fed. R. Civ. P. Supp. Rule E(2)(b).  "Rule E(2)(b) gives the court power to require security for costs and expenses to be posted by the party initiating the *in rem* seizure to protect parties affected by the seizure." *The Merchants National Bank of Mobile, et al. v. The Dredge General G.L. Gillespie, etc. et al.*, 663 F.2d 1338, 1344 (5th Cir. 1981); *see also Result Shipping Co. Ltd. v. Ferruzzi Trading USA, Inc.*, 56 F.3d 394, 401 (2d Cir. 1995) ("Pursuant to *Supplemental Rule E(2)(b)*, the trial court has broad discretion to order a party to post security for costs."); *Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottacchi S.A. de Navegacion*, 773 F.2d 1528 (11th Cir. 1985) ("Under Supplemental Rule E(2)(b) the court may require the creditor to post security for costs.").  In *A. Coker v. National Shipping Agency Corporation*, the Court recognized that under Admiralty Supplemental Rule E(2)(b), it has discretion to require an attaching Plaintiff to provide security sufficient to cover a property owner's costs and expenses of maintaining the seized property. 1999 U.S. Dist. LEXIS 8131 (E.D.La. 1999).

Since the Vessel was detained on February 12, 2021, Redbrick has incurred daily operating costs of not less than USD 5,392.00 per day.  This charge includes crew wages ($1372 per day), bunkers and lubricants ($500 per day), food and fresh water ($292 per day), insurance costs ($211 per day), port costs ($572 per day), and other charges incidental to the safe manning and operation of the Vessel (spares, technical items, critical equipment updates, etc). *See Declaration of Urbansky* [D.I. 45-1].   It is estimated that by April 15, 2021, Redbrick will have incurred charges to maintain the Vessel in the jurisdiction of no less than USD 325,000.[1]   All while Plaintiff has had the benefit of not having to pay for a substitute custodian to care for the vessel and has withheld the payment of hire during this period that the Vessel has been under

---

[1] This total represents the estimated costs and expenses known to date.  Redbrick does not waive any claims or rights that it may have with respect to additional costs and expenses and reserves the right to increase the quantum of security sought as is necessary and appropriate.

5

arrest and attachment. This is squarely at odds with the usual practice that "a well-established tenet of admiralty law that the arresting plaintiff and the intervening plaintiffs share in the costs of maintaining the *res* until resolution of the case." *Lubricantes Venoco Int'l v. M/V Neveris*, 60 Fed. Appx. 835, 842 (1st Cir. 2003) (citing *Beauregard Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 353 (5th Cir. 1997)(emphasis added); *see also D.D. Forsht Assocs., Inc. v. Transamerica ICS, Inc.*, 821 F.2d 1556 (11th Cir. 1987).  It is respectfully submitted that Plaintiff should be directed to post adequate security in the amount of not less than $400,000 for the continued daily operating costs which Owners have paid for to maintain the Vessel despite not receiving hire payments.

## C.  PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(5)(a) AND RULE E(6) THE SECURITY DEMANDED BY PLAINTIFF SHOULD BE REDUCED

Whenever security is demanded and a motion made, the Court may reduce the amount of security given for "good cause shown" pursuant to Supplemental Admiralty Rule E(6) which states:

> Whenever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given; and if the surety shall be or become insufficient, new or additional sureties may be required on motion and hearing.

Fed. R. Civ. P. Supp. Rule (E)(6).   An attachment amount should be reduced if it is excessive or if another amount is sufficient to secure the Plaintiff's claim.  *See A.R.A. Anomina Ravannate Di Armamento, S.p.A. v. Heidmar, Inc.*, 1997 U.S. Dist. LEXIS 15291, *2-3 (S.D.N.Y. 1997). While Plaintiff need not prove the quantum with exactitude, when claims are frivolous, the Court may reduce the quantum demanded and set a bond pursuant to Supplemental Rule E(5)(a).  *See Dongbu Express Co., Ltd. v. Navios Corp.*, 944 F.Supp. 235, 238 (S.D.N.Y 1996).

In addition, Supplemental Rule E5(a) requires the Court to set security for the release of the Vessel  "at an amount sufficient to cover the amount of the plaintiff's claim fairly stated . . ."

It is Plaintiff's burden to prove the amount of its claim "fairly stated." *Id.* Here, CAC's initial complaint set forth alleged damages USD 650,000. D.I. 1.   In CAC's first and second amended complaint, CAC inflated the claimed damages by almost double without any change in circumstances and without any legitimate citation to a basis for the claimed quantum.   The damages claim of  $1,131,977.50  is far in excess of any reasonable amounts that are anticipated to be claimed and/or recoverable as a matter of English law.  Furthermore and rather egregiously, Plaintiff seeks purported losses of nearly $650,000 for voyages that CAC itself chose to cancel following its refusal to discharge the cargo in Haiti and subsequent direction of the Vessel back to Delaware to orchestrate the present arrest and attachment.  Plaintiff has never submitted a party representative verification and/or declaration to support any of the purported claims and the threadbare recitals in support of "damages" (most of which were created or exacerbated by Plaintiff's own actions), fail to meet Supplemental Rule E(2)'s heightened pleading standard.   It is respectfully submitted that the Court can (and should) exercise its discretionary authority to reduce the security sought by Plaintiff and set a bond amount consistent with alleged damages which are non-frivolous and are fairly stated.

## <u>CONCLUSION</u>

**WHEREFORE**, Defendant, REBRICK VENTURES LTD., requests that this Honorable Court grant its Motion for Counter-Security, order Plaintiff to post security for costs, and reduce the amount of security demanded by Plaintiff, and for such additional relief as this Court deems just and proper.

Dated: April 2, 2021                                    Respectfully submitted,

                                                        **BARNARD MEZZANOTTE**
                                                        **PINNIE, SEELAUS & KRAFT, LLP**

                                                        */s/ Denise S. Kraft*_____
                                                        Denise S. Kraft (DE Bar No.2278)
                                                        Anne Kai Seelaus (DE Bar No. 4970)
                                                        1205 N. Orange Street
                                                        PO Box 26304
                                                        Wilmington, DE  19899
                                                        (302) 594-4535
                                                        dkraft@bmplaw.net
                                                        kseelaus@bmplaw.net

                                                        *Attorneys for Redbrick Ventures, Ltd. and*
                                                        *the M/V OCEAN FORCE, in rem*

**Of counsel:**

Briton P. Sparkman *(admitted pro hac vice)*
**CHALOS & CO, P.C.**
55 Hamilton Avenue
Oyster Bay, New York 11771
Telephone: (516) 714-4300
Facsimile: (516) 750-9051
bsparkman@chaloslaw.com