IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAC Maritime, Ltd., | : | |
| | : | |
| Plaintiff, | : | C. A. No. 1:21-cv-00202-RGA |
| | : | |
| vs. | : | IN ADMIRALTY |
| | : | |
| Redbrick Ventures, Ltd. | : | |
| | : | |
| Defendant *quasi in rem, et al.* | : | |
| | : | |
| | : | |

**CAC MARITIME, LTD.'S MEMORANDUM SUPPORTING ITS MOTION TO DISMISS REDBRICK'S COUNTERCLAIM AND/OR FOR SUMMARY JUDGMENT**

Fed. R. Civ. P. 41(a) bars Redbrick Ventures, Ltd.'s ("Redbrick") counterclaims because it twice dismissed identical claims which it had made, in the U.S. District Courts for the Western District of Pennsylvania, and Southern District of Alabama.

This Court accordingly should now dismiss the counterclaim pursuant to Fed. R. Civ. P. 30(b)(6) or enter summary judgment against it because of res judicata, applying Fed. R. Civ. P. 41(a).

Fed. R. Civ. P. 41(a) ("Dismissal of Actions" - "Voluntary dismissal") states as follows:

(1) By the Plaintiff.

    (A) Without a Court Order.  Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

        (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . .

> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. **But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits**.

(Emphasis added).

On February 22, 2021 Redbrick sued CAC Maritime, Ltd. ("CAC") both in the U.S. District Court Western District of Pennsylvania, Pittsburgh, Case No. 2:21-cv-249-WSS, *Redbrick Ventures Ltd. and Primeshipping International v. CAC Maritime Ltd. and Stiegler Shipping Company, Inc.*[1] **and** in the U.S. District Court, Southern District of Alabama, Mobile, Case No. 1:21-cv-83-KD-M, *Redbrick Ventures Ltd. and Primeshipping International v. CAC Maritime Ltd.*[2]

On March 3, 2021, Redbrick pursuant to Fed. R. Civ. P. 41(a) noted dismissal of its Pittsburgh case.[3] On March 31, 2021, Redbrick pursuant to Fed. R. Civ. P. 41(a) noted dismissal of its Alabama case.[4]

The claims for breach of charter party that Redbrick brought against CAC in the Pittsburgh and Alabama cases and Redbrick voluntarily dismissed, were the same as those Redbrick on March 30, 2021 [ECF 49] brought in its counterclaim. As CAC further sets out in its motion to dismiss, filed herewith, the notices of dismissal "on or including" the same claims as Redbrick's counterclaim, operate as an adjudication on the merits against the counterclaim.

---

[1]   Docket /case records at https://ecf.pawd.uscourts.gov/cgi-bin/iquery.pl?1145554371793-L_1_0-1

[2]   Docket/ case records at https://ecf.alsd.uscourts.gov/cgi-bin/iquery.pl?17052668658222-L_1_0-1

[3]   Dismissal Notice, March 3, 2021, ECF 11, at https://ecf.pawd.uscourts.gov/doc1/15717894545

[4]   Dismissal Notice, March 31, 2021, ECF 21, at https://ecf.alsd.uscourts.gov/doc1/02113148555

28013542.1

This Court accordingly as moved should dismiss the counterclaim – and – with that dismissal not require CAC to post countersecurity for it. *Gammino v. Am. Tel. & Tel. Co.*, No. CIV.A. 12-666-LPS-SR, 2012 WL 5818243, at *1 (D. Del. Nov. 15, 2012), *report and recommendation adopted*, No. CIV.A. 12-666-LPS, 2012 WL 6588889 (D. Del. Dec. 17, 2012)(Stark, J.); *accord, Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP,* 575 Fed.Appx. 216 (5th Cir. 2014)(,"[u]nfortunately, although the rule may be harsh under these circumstances, the language is clear, and we must apply it as written."); *American Cyanamid Company, v. Robert A. McGhee*, 317 F.2d 295 (1963)( "this quick and ready tool may be used once, and only once, if clear consequences are to be avoided.  A second notice of dismissal not only closes the file, it also closes the case with prejudice to the bringing of another."; *Wahler, v. Countrywide Home Loans, Inc.*, 2006 WL 2882495 (W.D.N.C.)(The two-dismissal rule of Rule 41(a)(1) applies equally to original claims, counterclaims, cross-claims, and/or third-party claims).

Redbrick may claim that the charter party breaches alleged – both by CAC – and Redbrick – are arbitrable so that somehow, Fed. R. Civ. P. 41(a) does not apply.

Redbrick, however – neither in dismissing its Alabama and Pittsburgh suits against CAC with the same claims as Redbrick's counterclaim here – or in the counterclaim here – has Redbrick demanded arbitration – or asked this Court to stay the case for arbitration.[5]   Redbrick has instead proceeded now in three suits, has waived arbitration, and under Fed. R. Civ. P. 41(a) there has been a final adjudication on the merits against the counterclaim (and dismissed identical claims).

---

[5]   *See* 9 U.S.C. § 4 ("Failure to arbitrate under agreement; petition to United States court having jurisdiction for order to compel arbitration; notice and service thereof; hearing and determination"); 9 U.S.C. § 8 ("Proceedings begun by libel in admiralty and seizure of vessel or property").

28013542.1

This Court now pursuant to Fed. R. Civ. P. 12(b)(6) because Redbrick's counterclaim cannot state claims upon which this Court may grant relief, or, pursuant to Fed. R. Civ. P. 56 – Redbrick by operation of Fed. R. Civ. P. 41)(a) is unable to raise any fact dispute of the dismissal on the merits of its claim, should dismiss and/or enter judgment against the counterclaim.

Respectfully Submitted,

| SIMMS SHOWERS LLP | YOUNG CONAWAY STARGATT & TAYLOR LLP |
|---|---|
| /s/ J. Stephen Simms | /s/ Timothy Jay Houseal |
| J. Stephen Simms (Admitted *pro hac vice*) | Timothy Jay Houseal (Del. Bar ID No. 2880) |
| 201 International Circle, Ste. 230 | Rodney Square |
| Baltimore, Maryland 21030 | 1000 North King Street |
| Telephone: (410) 783-5795 | Wilmington, DE 19801 |
| Facsimile: (410) 510-1789 | (302) 571-6682 |
| jssimms@simmsshowers.com | thouseal@ycst.com |

*Attorneys for CAC Maritime, Ltd.*

Dated: April 16, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on this April 16, 2021 I caused the foregoing to be filed on this Court's CM/ECF system for service on all record counsel.

/s/ Timothy Jay Houseal
Timothy Jay Houseal (2880)

28013542.1