IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAC Maritime, Ltd. § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO.: 21-202-RGA |
| v. § | |
| § | IN ADMIRALTY, Rule 9(h) |
| M/V OCEAN FORCE, IMO 8215613, its § | |
| equipment, appurtenances, and freights § | |
| § | |
| Defendant *in rem*. § | |

**RENEWED
MOTION AND MEMORANDUM FOR INTERLOCUTORY
SALE OF THE M/V OCEAN FORCE, *IN REM***

This Court now should grant Plaintiff CAC Maritime, Ltd.'s ("CAC Maritime") renewed motion for interlocutory sale of the vessel M/V OCEAN FORCE, IMO 8215613 ("Vessel") pursuant to Supplemental Federal Admiralty Rule E(9)(b).

Plaintiff CAC Maritime arrested the Vessel on February 12, 2021.  Afterwards, this Court entered default and ordered sale of the Vessel.  Owner Redbrick Ventures Ltd. ("Redbrick") then appeared, and the parties agreed and this Court ordered the default vacated and sale canceled. This Court subsequently confirmed CAC Maritime's Rule B attachment of the Vessel.

It now, however, is well over 60 days past the Vessel's initial detention (arrest), which continues by Rule B attachment.  There still is no security provided for release of the Vessel.

The Vessel remains in the custody the Vessel's master, at Big Stone Beach Anchorage in the Delaware Bay.[1]  There is no reason for the Vessel and crew to continue to remain stranded at anchorage, accruing custodial expense and subject to deterioration and loss.  The Vessel now

---

[1] Current Vessel location can be accessed at: https://www.marinetraffic.com/en/ais/details/ships/shipid:377536/mmsi:312666000/imo:8215613/vessel:OCEAN_FORCE

28046861.1

should be sold at U.S. Marshal's auction prior to the accrual of further, substantial custodial expense for crew wages and provisions, and fuel and deterioration of the Vessel.

The Vessel's crew are stranded aboard the Vessel; their presence is required for Coast Guard regulation and other safety, and to safeguard the Vessel. This Court should provide for sale of the Vessel, so that the present crew, if they desire, may return home to their families and be relieved by substitute crew, employed by the Vessel's new owner upon purchasing the Vessel at the U.S. Marshal's auction.

The present situation meets the requirements of Supplemental Rule E (9)(b) :

> on application of a party the court may order all or part of the property sold-with the sale proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court-if: (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or disproportionate; or (C) there is an unreasonable delay in securing the release of the property.

*See Silver Star Enterprises, Inc. v. M/V SARMACCA*, 19 F.3d 1008, 1014 (5th Cir.1994).

By definition, the Vessel is perishable: ships sink. There also is an unreasonable delay in securing the Vessel's release. Because of the increasing time of attachment, the expense of keeping the Vessel is (as Owners have argued in their motion for countersecurity) excessive and disproportionate.

On this Court's grant of this motion, CAC Maritime will make the necessary arrangements with the U.S. Marshal's Service to schedule a date for the sale.

As before, CAC Maritime proposes to advertise the sale over a 10-day period. The Vessel was built in 1983 – and so is now over 37 years old, which is quite old for any ocean-going cargo vessel. Currently, the scrap prices are very high and, for a vessel like this Vessel, it could bring approximately, USD 1.22M once delivered to India. Taking into consideration the cost to a buyer to deliver the Vessel to India, and cost to offload the current owners' cargo and

28046861.1

cars presently aboard the Vessel, the minimum sale price for the Vessel therefore should be **$600,000.**

Proceeds from the Vessel's interlocutory sale by the United States Marshal will be deposited into this Court's registry, in substitute for the Vessel *in rem*.

Conditions for selling the Vessel have been satisfied, this Court therefore should order sale of the Vessel be sold by the United States Marshal after notice of sale.

CAC Maritime herewith files a draft order and respectfully requests this Court to grant this motion.

### Rule 7.1.1 Statement

On Monday, April 5, 2021 at 11 a.m. pursuant to Local Rule 7.1.1 the parties' counsel discussed CAC Maritime's proposal to move for sale of the Vessel. CAC Maritime agreed to hold the motion pending any further settlement discussions. Settlement discussions did not proceed and CAC Maritime accordingly moves here.

Respectfully Submitted,

| | |
|---|---|
| SIMMS SHOWERS LLP | YOUNG CONAWAY STARGATT & TAYLOR LLP |
| | |
| */s/ J. Stephen Simms* | */s/ Timothy Jay Houseal* |
| J. Stephen Simms (*pro hac vice*) | Timothy Jay Houseal (Del. Bar ID No. 2880) |
| 201 International Circle, Ste. 230 | Rodney Square |
| Baltimore, Maryland 21030 | 1000 North King Street |
| Telephone: (410) 783-5795 | Wilmington, DE 19801 |
| Facsimile: (410) 510-1789 | (302) 571-6682 |
| jssimms@simmsshowers.com | thouseal@ycst.com |

*Attorneys for CAC Maritime, Ltd.*

Dated: April 27, 2021

28046861.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this April 27, 2021 I caused the foregoing to be filed on this Court's CM/ECF system for service on all record counsel.

*/s/ Timothy Jay Houseal*
Timothy Jay Houseal (2880)

28046861.1