IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAC Maritime, Ltd., | : | |
| Plaintiff, | : | C.A. No. 21-202-RGA |
| vs. | : | IN ADMIRALTY |
| Redbrick Ventures, Ltd. | : | |
| Defendant *quasi in rem*, | : | |
| Rapid Global Shipping, Inc., | : | |
| Intervenor Plaintiff, | : | |
| vs. | : | |
| CAC Maritime, Ltd., | : | |
| Intervenor Defendant, | : | |

**DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION AND MEMORANDUM FOR INTERLOCUTORY SALE OF THE M/V OCEAN FORCE, *IN REM***

Dated: May 11, 2021

Briton P. Sparkman (*admitted pro hac vice*)
**CHALOS & CO, P.C.**
55 Hamilton Avenue
Oyster Bay, NY 11771
Tel: (516) 714-4300
bsparkman@chaloslaw.com

Denise S. Kraft (DE Bar No.2278)
**BARNARD MEZZANOTTE**
**PINNIE, SEELAUS & KRAFT, LLP**
1205 N. Orange Street
Wilmington, DE  19899
PO Box 26304
Tel: (302) 594-4535
dkraft@bmplaw.net

*Attorneys for Redbrick Ventures, Ltd.*

# **TABLE OF CONTENTS**

                                                                                                                                          **Page**

TABLE OF CONTENTS ………………………………………………………………..…i

TABLE OF AUTHORITIES ……………………………………………………………..…..ii

NATURE AND STAGE OF PROCEEDINGS..................................................................1

PROCEDURAL AND FACTUAL BACKGROUND……………………………………..….1

ARGUMENT ……………………………………………………………………………...2

     I.  STANDARD FOR SUPPLEMENTAL RULE E(9)(A)(I) ………………………….……3

     II.  PLAINTIFF PROVIDES NO EVIDENCE OF DETERIORATION, DECAY, OR
          INJURY………………………………………………………………………….3

     III. THE EXPENSE TO KEEP THE VESSEL UNDER ARREST IS NOT
          UNREASONABLE OR EXCESSIVE ………………………………………………4

     IV. THERE HAS NOT BEEN AN UNREASONABLE DELAY IN
          SECURING THE RELEASE OF THE VESSEL …………………………................…..5

     V. THIS COURT SHOULD EXERCISE ITS EQUITABLE AUTHORITY
         TO DENY THE MOTION FOR INTERLOCUTORY SALE............................................7

CONCLUSION ……………………………………………………….……………...8

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page**

*Adams Offshore, Ltd. v. Con-Dive, LLC*, 2010 U.S. Dist. LEXIS 7922 (S.D. Ala. 2010)...............8

*Americanwest Bank v. P/V Idian*, No. 12-cv-1786(BGS),
   2013 U.S. Dist. LEXIS 28607 (S.D. Cal. Mar. 1, 2013) ……………………………..……3

*Bank of Rio Vista v. Vessel Captain Pete*, No. C 04-2736CW,
   2004 U.S. Dist. LEXIS 21388 (N.D. Cal. Oct. 14, 2004) …………………….…..………..5

*Boland Marine & Mfg. Co. v. M/V A.G. NAVAJO*, No. 02-0658,
   2002 U.S. Dist. LEXIS 22737, 2002 WL 31654856 (E.D. La. Nov. 22, 2002) ……..…..4, 6

*Crescent Towing & Salvage Co. v. M/V Americana*, No. 11-131, 11-175,
   2011 U.S. Dist. LEXIS 172180 (E.D. La. Sept. 20, 2011) ……………………..……….4, 6

*Freret Marine Supply v. M/V ENCHANTED CAPRI*, No. 00-3805,
   2001 U.S. Dist. LEXIS 8161 (E.D. La. 2001) ……………………………………….……4

*Gyasi v. M/V "Andre"*, No. 07-23282,
   2008 U.S. Dist. LEXIS 302795 (S.D. Fla. April 1, 2008) ……………………………....3, 4

*John W. Stone Oil Distrib., L.L.C. v. M/V Lucy*, No. 09-4440,
   2009 U.S. Dist. LEXIS 114086 (E.D. La. Nov. 20, 2009) ……………….…………….4, 5

*Lewis v. S. S. Baune*, 534 F.2d 1115 (5th Cir. 1976)......................................................................7

*M.D. Moody & Sons v. McLaren*, No. 3:11-cv-1242,
   2012 U.S. Dist. LEXIS 202247 (M.D. Fla. July 30, 2012) …………………………….6

*Merchants National Bank of Mobile v. Dredge GENERAL G.L. GILLESPIE*,
   663 F.2d 1338 (5th Cir. 1981) …………………………………………………...…………3, 6

*Prosperity Bank v. Tom's Marine & Salvage*, LLC, No. 18-9106,
   2020 U.S. Dist. LEXIS 26811 (E.D. La. Feb. 18, 2020) …………………………………..6

*Silver Star Enters. Inc. v. M/V SARAMACCA*, 19 F.3d 1008 (5th Cir. 1994) ……………..…….3, 6

*The LAKE PACHUTA,* 56 F.2d 627 (S.D.N.Y 1930)
   *aff'd* 60 F.2d 876 (2d Cir. 1932)......................................................................................7

*Thorman v. Am. Seafoods Co.*, 421 F.3d 1090 (9th Cir. 2005).......................................................7

*Triton Container Intern. Ltd. v. Baltic Shipping Co.*,
  1995 U.S. Dist. LEXIS 4856 (E.D. La. 1995)......................................................................7

*United States v. Approx. 81,454 Cans of Baby Formula*, 560 F.3d 638 (7th Cir. 2009)...................7

*Vaughan v. Atkinson*, 369 U.S. 527 (1962).........................................................................7

*Vineyard Bank v. M/Y Elizabeth I*, No. 08-cv-2044,
  2009 U.S. Dist. LEXIS 23844 (S.D. Cal. Mar. 23, 2009) ………………….…..……….5, 6

**Rules**

Fed. Sup. R. E(9)(a)(i)…………………………………………………………………..*passim*

**COMES NOW**, Defendant Redbrick Ventures Ltd. (hereinafter "Redbrick"), Owner of the attached M/V OCEAN FORCE IMO 8215613 (hereinafter the "Vessel"), by and through undersigned counsel, and submits this Answering Brief in Opposition to Plaintiff, CAC Maritime Ltd.'s ("CAC" or "Plaintiff) Renewed Motion and Memorandum for Interlocutory Sale of the M/'V OCEAN FORCE, *In Rem*.  It is respectfully submitted that this Court should deny the motion in its entirety.

## NATURE AND STAGE OF PROCEEDINGS

This is an action brought by Plaintiff CAC Maritime Ltd., pursuant to Rule C of the Supplemental Admiralty Rules for Maritime Claims. *See* D.I. 31. As set forth in the Second Amended Complaint (D.I. 31) and Answer and Counterclaim (D.I. 49), there are numerous legal disputes pending between the parties' related to a breach of a charter party agreement.  As previously identified in motions and pleadings before the court, the substantive merits of those claims will all be resolved in London arbitration. *See, e.g.*, D.I. 63.  Currently pending before the Court are the following motions: (1) Redbrick's Motion for Counter-Security, Security for Costs, and to Set Bond (D.I. 50-51); and (2) Plaintiff's Motion to Dismiss Redbrick's Counterclaim (D.I. 54-55).  On April 27, 2021 Plaintiff prematurely filed a renewed motion for interlocutory sale of the Vessel. *See* D.I. 62. Redbrick timely files this Answering Brief in opposition to the motion.

## PROCEDURAL AND FACTUAL BACKGROUND

The factual and procedural background of the parties' disputes related to security, countersecurity, and claims for relief under the Supplemental Admiralty Rules and Federal Rules of Civil Procedure are set forth in more detail in Redbrick's prior briefing submissions at D.I. 51, D.I. 60-61, and D.I. 63, which are respectfully incorporated by reference herein.  For the present motion, only the following facts and procedural issues are critical for this Court's analysis:

1. The vessel was seized by plaintiff on or about February 12, 2021. D.I. 12. Since the seizure, Redbrick as Owners have incurred all of the costs, fees, and expenses in the continued operation and safekeeping of the Vessel, her crew, and her cargo. D.I. 45-1 and D.I. 61.

2. Specifically, Redbrick has expended no less than $546,770 in daily running costs, operation expenses, crew wages, bunkers, victuals, fresh water, and other costs, fees, and expenses for the continued safe manning, operation, and care of the Vessel since her initial arrest on or about February 12, 2021. D.I. 61, at ¶ 10.

3. Redbrick filed a Counterclaim (D.I. 49) and a timely motion for Counter-Security pursuant to Supplemental Rule E(7), motion for security for costs pursuant to Rule E(2), and a motion for the Court to Set a Reasonable Bond pursuant to Supplemental Rule E(5)(a) and Rule E(6). D.I. 50.

On April 27, 2021, Plaintiff filed its renewed motion for interlocutory sale of the M/V OCEAN FORCE. D.I. 62. However, as Plaintiff has failed to satisfy the requirements for interlocutory sale of a vessel pursuant to Supplemental Rule E(9)(B), it is respectfully submitted that the motion should be denied in its entirety.

## ARGUMENT

**I.      STANDARD FOR SUPPLEMENTAL RULE E(9)(A)(I)**

The Federal Rules authorize the sale of the Vessel under the circumstances of this action. Supplemental Rule E (9)(a)(i) provides that:

> On application of a party . . . the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if: (A) the attached or arrested property is *perishable*, or *liable to deterioration*, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the

2

> property is *excessive* or *disproportionate*; or (C) there is an *unreasonable delay* in securing release of the property.

Fed. Sup. R. E(9)(a)(i) (emphasis added). *See also, Silver Star Enters. Inc. v. M/V SARAMACCA*, 19 F.3d 1008, 1014 (5th Cir. 1994); *see also Merchants National Bank of Mobile v. Dredge GENERAL G.L. GILLESPIE*, 663 F.2d 1338, 1341 (5th Cir. 1981). Here, Plaintiff fails to satisfy any of the factors under Supplemental Rule E(9)(a)(i) and therefore, the Court must deny the motion.

## II. PLAINTIFF PROVIDES NO EVIDENCE OF DETERIORATION, DECAY, OR INJURY

Plaintiff's motion fails to present any evidence showing that the M/V OCEAN FORCE is liable to deterioration, decay, or injury. Courts have denied motions for interlocutory sale of a vessel where the party seeking a sale does not present <u>any</u> evidence of deterioration, decay, or injury beyond general assertions. *See Gyasi v. M/V "Andre"*, No. 07-23282, 2008 U.S. Dist. LEXIS 30279, at * 5 (S.D. Fla. April 1, 2008) (denying plaintiff's motion for interlocutory sale where plaintiff failed, *inter alia*, provide any evidence of deterioration); *Americanwest Bank v. P/V Idian*, No. 12-cv-1786(BGS), 2013 U.S. Dist. LEXIS 28607, at *6 (S.D. Cal. Mar. 1, 2013) (finding that plaintiff failed to provide specific evidence of deterioration, decay, or injury outside of the ordinary for a vessel but granting the motion on other grounds).

Plaintiff's only argument in support of deterioration is that "the Vessel is perishable: ships sink." D.I. 62, p. 2. This one sentence argument is not sufficient to support any interlocutory and fails to provide any case law supporting interlocutory sale of the Vessel based on that speculation. In addition, Plaintiff provides no further explanation or any evidence of why the M/V OCEAN FORCE is susceptible to deterioration, decay, or injury; including but without limitation to,

3

declarations, affidavits, or exhibits. Accordingly, Plaintiff's motion for interlocutory sale under Supplemental Rule E(9)(a)(i)(A) should be denied in its entirety.

### III. THE EXPENSE TO KEEP THE VESSEL UNDER ARREST IS NOT UNREASONABLE OR EXCESSIVE

Plaintiff fails to present any evidence that the expense to keep the vessel outweigh the continued arrest of the vessel. "Rule E(9) does not provide a benchmark for determining whether the expense of seizure is excessive or disproportionate." *Crescent Towing & Salvage Co. v. M/V Americana*, No. 11-131, 11-175, 2011 U.S. Dist. LEXIS 172180, at *17 (E.D. La. Sept. 20, 2011). District courts have considered the costs to keep the vessel under arrest in relation to the value of the vessel and/or the amount of the claims alleged by the parties in determining whether costs were unreasonable or excessive. *See Boland Marine & Mfg. Co. v. M/V A.G. NAVAJO*, No. 02-0658, 2002 U.S. Dist. LEXIS 22737, 2002 WL 31654856, at *3-4 (E.D. La. Nov. 22, 2002) (considering the cost per day under arrest compared to the value of the vessel at $300,000); *Freret Marine Supply v. M/V ENCHANTED CAPRI*, No. 00-3805, 2001 U.S. Dist. LEXIS 8161, at *13, at *15-16 (E.D. La. 2001)  (denying the motion for reconsideration and upholding interlocutory sale where the costs per day totaled $1500 and the value of the vessel was $12 million); *John W. Stone Oil Distrib., L.L.C. v. M/V Lucy*, No. 09-4440, 2009 U.S. Dist. LEXIS 114086, at *4 (E.D. La. Nov. 20, 2009).

Here, Plaintiff's conclusory argument that the expense of keeping the vessel is excessive and disproportionate is not sufficient to support interlocutory sale of the Vessel. *See* D.I. 62, p. 2. Plaintiff is not paying a substitute custodian for the Vessel. *See* D.I. 9 (appointing the Master of the M/V OCEAN FORCE as the substitute custodian).  In addition, Plaintiff has not advanced any costs, fees, or expenses for the operation of the vessel during the present attachment. *See* D.I. 53-1

(affidavit of Plaintiff confirming that it has less than $10,000 in cash and assets). Plaintiff provides no supporting case law or affidavit(s) to support the argument that the costs and expenses of the continued maintenance of the vessel are excessive and/or disproportionate. There is absolutely no evidence in the record to support Plaintiff's claim that it has been forced to unnecessarily incur excessive or disproportionate costs of the attachment. Accordingly, the motion should be denied in its entirety as Plaintiff has failed to demonstrate a basis to sell the Vessel pursuant to Supplemental Rule E(9)(a)(i)(B).

IV. **THERE HAS NOT BEEN AN UNREASONABLE DELAY IN SECURING THE RELEASE OF THE VESSEL**

"A motion for interlocutory sale is not typically granted until enough time has passed to allow defendants to provide a bond to secure release of the vessel. As a general rule, defendants are given **at least** four (4) months to bond a vessel **absent some other circumstances**." *Bank of Rio Vista v. Vessel Captain Pete*, No. C 04-2736CW, 2004 U.S. Dist. LEXIS 21388, at *5 (N.D. Cal. Oct. 14, 2004) (emphasis added); *see also Vineyard Bank v. M/Y Elizabeth I*, No. 08-cv-2044, 2009 U.S. Dist. LEXIS 23844, at *5-6 (S.D. Cal. Mar. 23, 2009). "As a general rule, defendants are given at least four months to bond a vessel absent some other considerations.'" *John W. Stone Oil Distrib., L.L.C. v. M/V LUCY*, No. 09-4440, 2009 U.S. Dist. LEXIS 114086, at *1 (E.D. La. 2009) (emphasis added). No such other circumstances or considerations apply here which would warrant a departure from the four (4) month *minimum*.

Denial of Plaintiff's motion is necessary because: (1) the Vessel has been under attachment for only three (3) months and (2) Redbrick's has a pending motion seeking to have the Court fix the bond for the release of the Vessel pursuant to Supplemental Rule E(5)(a) and Rule E(6). *See* D.I. 50-51. In addition, Plaintiff's motion for countersecurity includes an alternative argument for

5

the Court to apply a set-off between the Plaintiff's claim for security and Redbrick's claim for countersecurity when fixing the amount of the bond. *Id*; *see also* D.I. 60.

A grant of interlocutory sale of a vessel is premature where the vessel has been under arrest for just barely three (3) months at the time of filing this opposition. *See Gyasi v. M/V ANDRE*, No. 07-23282, 2008 U.S. Dist. LEXIS 30279 (S.D. Fla. 2008) ("A three-month delay, without more, is insufficient to merit interlocutory sale under Supplemental Rule E(9)(b)").[1] Here, the Vessel has only been under attachment since February 12, 2021. It is anticipated that Plaintiff will argue that the motion was properly made in order to be ready to "sell" the vessel as soon as four (4) months elapse on the calendar. However, there has never been such a "hard" rule in maritime cases and it is respectfully submitted that the facts and circumstances in the present case make clear that there has not been an actual unreasonable delay, especially in light of the pending motions filed by Redbrick seeking various relief pursuant to Supplemental Rule E. It is respectfully submitted that any order for the interlocutory sale of the Vessel prior to the Court resolving the pending motions, fixing the amount for a bond and countersecurity, and providing Redbrick with a reasonable opportunity to post a bond would be premature. As such, Plaintiff's motion should be denied for failure to meet the requirements of Supplemental Rule E(9)(a)(i)(C).

---

[1] In fact, many of the decisions where Courts found "unreasonable delay" actually involved periods of time **much longer than four (4) months**. *See e.g.*, *Prosperity Bank v. Tom's Marine & Salvage*, LLC, No. 18-9106, 2020 U.S. Dist. LEXIS 26811, at *11-12 (E.D. La. Feb. 18, 2020) (finding unreasonable delay after the four vessels remained arrested for 14 months); *Merchants Nat'l Bank*, 663 F.2d 1338, 1342 (5th Cir. 1981) (concluding that the district court did not err in finding an 8 month delay unreasonable); *Crescent Towing & Salvage Co.*, 2011 U.S. Dist. LEXIS 172180, at *20 (E.D. La. Sept. 20, 2011) (concluding that the district court did not err in finding an 8 month delay unreasonable); *Silver Star Enters. Inc. v. M/V SARAMACCA*, 19 F.3d 1008, 1014 (5th Cir. 1994) (granting interlocutory sale where the vessel remained for seven (7) months); *M.D. Moody & Sons v. McLaren*, No. 3:11-cv-1242, 2012 U.S. Dist. LEXIS 202247 (M.D. Fla. July 30, 2012) (recommending a grant of motion for interlocutory sale as the vessel remained for seven (7) months since the vessel's arrest).

## V. THIS COURT SHOULD EXERCISE ITS EQUITABLE AUTHORITY TO DENY THE MOTION FOR INTERLOCUTORY SALE

The Supreme Court has recognized, "equity is no stranger in admiralty; admiralty courts are, indeed, authorized to grant equitable relief." *Vaughan v. Atkinson*, 369 U.S. 527, 530 (1962); *see also Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1094 (9th Cir. 2005); *Lewis v. S. S. Baune*, 534 F.2d 1115, 1120 (5th Cir. 1976). In *Swift & Co.*, the Supreme Court stated that it "find[s] no restriction upon admiralty by chancery so unrelenting as to bar the grant of any equitable relief even when that relief is subsidiary to issues wholly within admiralty jurisdiction." *Swift & Co. v. Compania Caribe*, 339 U.S. 684, 691-692 (1950). This equity principle was also articulated in *Greenwich Marine, Inc. v. S.S. Alexandria*, 339 F.2d 901, 905 (2d Cir. 1965) ("[t]he inherent power to adapt an admiralty rule to the equities of a particular situation is entrusted to the sound discretion of the district court sitting as an admiralty judge, and not to the circuit judges sitting in review."); *The LAKE PACHUTA,* 56 F.2d 627, 629 (S.D.N.Y 1930), *aff'd* 60 F.2d 876 (2d Cir. 1932) ("courts of admiralty act as courts of equity and according to what is just and right.").

Courts have routinely held that even if one (1) or more of the Rule E(9)(a) conditions are met, an interlocutory sale is **not mandatory**, and the court retains considerable discretion in deciding what factors to consider. *United States v. Approx. 81,454 Cans of Baby Formula*, 560 F.3d 638, 641 (7th Cir. 2009); *Triton Container Intern. Ltd. v. Baltic Shipping Co.*, 1995 U.S. Dist. LEXIS 4856, 1995 WL 217483 (E.D. La. 1995). It is respectfully submitted that a strict interpretation and application of Supplemental Rule E(9) would certainly be inequitable under the facts and circumstances of this case given the following facts: Plaintiff directed the Vessel to the port in the District of Delaware; caused the arrest and attachment of the Vessel after having wrongfully withheld the payment of hire and other contractually owed obligations to Redbrick;

Plaintiff has not incurred any hard costs or expenses for the continued attachment of the Vessel; Plaintiff has no assets itself, yet wants to destroy Owner's asset by selling the Vessel at a depressed judicial auction;[2] and Redbrick has motions pending seeking the Court to set a bond amount as well as for countersecurity. Under the factual and procedural history of this case, it is respectfully submitted that this Court is well within its rights to exercise its equitable discretion to deny the pending motion for interlocutory sale of the M/V OCEAN FORCE.

## CONCLUSION

**WHEREFORE,** Defendant Redbrick Ventures, Ltd. respectfully requests that this Honorable Court deny Plaintiff CAC's Motion for Interlocutory Sale of the M/V OCEAN FORCE, grant Redbrick Ventures, Ltd. additional time to post security, and grant such other and further relief that is just and proper.

Dated: May 11, 2021

Respectfully submitted,

**BARNARD MEZZANOTTE
PINNIE, SEELAUS & KRAFT, LLP**

*/s/ Denise S. Kraft*
Denise S. Kraft (DE Bar No.2278)
1205 N. Orange Street
PO Box 26304
Wilmington, DE 19899
(302) 594-4535
dkraft@bmplaw.net

*Attorneys for Redbrick Ventures, Ltd.*

---

[2] Courts have held that the forced judicial auction of seized property is inequitable when the potential damage to the owner from an interlocutory sale is disproportionate to the potential savings of the plaintiff. *See, e.g., Adams Offshore, Ltd. v. Con-Dive, LLC*, 2010 U.S. Dist. LEXIS 7922, *8 (S.D. Ala. 2010) (finding forced liquidation of property at $2.75 million when the fair market value was $4.7 million was inequitable and grossly disproportionate, especially in light of the low expense of maintaining the equipment under arrest). Plaintiff seeks to destroy Redbrick's equity in the Vessel for no valid legal reason and the motion should be denied.

**Of counsel:**

Briton P. Sparkman *(admitted pro hac vice)*
**CHALOS & CO, P.C.**
55 Hamilton Avenue
Oyster Bay, New York 11771
Telephone:     (516) 714-4300
Facsimile:     (516) 750-9051
Email:         bsparkman@chaloslaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of May 2021, a true and correct copy of the foregoing was served on all counsel of record pursuant to cm/ECF.

                                                  */s/ Denise S. Kraft*
                                                  Denise S. Kraft