IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAC Maritime, Ltd. | § | |
| | § | |
|    Plaintiff, | § | |
| | § | CIVIL ACTION NO.: 21-202-RGA |
| v. | § | |
| | § | IN ADMIRALTY, Rule 9(h) |
| M/V OCEAN FORCE, IMO 8215613, its | § | |
| equipment, appurtenances, and freights | § | |
| | § | |
|    Defendant *in rem.* | § | |

**MOTION AND MEMORANDUM TO APPROVE INTERLOCUTORY
SALE OF THE M/V OCEAN FORCE, *IN REM* AND CARGO**

The Crew of the M/V OCEAN FORCE and plaintiff CAC move for this Court to enter an

Order confirming the Friday, February 18, 2022 United States interlocutory sale of the M/V

OCEAN FORCE, *in rem* ("Vessel") and cargo aboard the Vessel ("Cargo"). The high bidder at

the sale was Alexander Navigation, Inc., Majuro, Marshall Islands, for $500,000, after

advertising by the appointed brokers, C.W. Kellock & Co., Ltd. all detailed at D.I. 100 (U.S.

Marshal's report of sale, appending details from broker about sale advertisement).

Alexander Navigation, Inc. has paid to the United States Marshal as required by the

Court's Order for Sale (D.I. 98) the balance of the $500,000 sale price. Claimants/Owners

Redbrick and Plaintiff/Intervenor Rapid Global do not object to this motion.

The Court's Order for Sale requires any objector to the sale to "pay[ ] the Marshals

Service an amount determined by the Marshals Service as sufficient to pay the expenses of

keeping the Vessel for at least 14 days" and states that "[i]f . . . no payment is made to the

Marshals Service to pay the expenses of keeping the vessel for at least 14 days, the Court may

enter its Order Confirming Sale without a hearing."

The Court on February 22, 2022 (D.I. 102) further ordered that "IT IS HEREBY

ORDERED that Agent XS SASU shall pay to the Marshals Service an amount determined by the

Marshals Service as sufficient to pay the expense of keeping the vessel for at least 14 days (and failure to do so will result in the waiver of Agent XS SASU's objection)[.]"

Objector Agent SX [D.I. 99], despite filing its objection last Friday, the 18th, the date of sale, has failed to pay the Marshal any "expenses of keeping the vessel for at least 14 days."  The United States Marshal has set these expenses at $90,000, although the expenses exceed that amount and are at least $125,000 (not limited to, the wages of the Officers and Crew on the Vessel (as required by the U.S. Coast Guard), of at least $12,304.92, guard service (as require by the U.S. Department of homeland Security) of at least $50,400 ($3,600/day for the 14 day period),  Vessel charges (minimum),  $42,000 (minimum $3,000/day: fuel, lubricants, victuals, fresh water), estimated for the wharf, Horizon/Penn Terminals, at least $1500/day (14 days, $21,000).

Under this Court's sale order, all objections had to be filed not later than day before yesterday, February 23rd, two business days following the February 18th sale; none were filed except for Objector Agent SX SASU.  Consequently this Court's sale order bars the filing of further objections, with Objector Agent SX SASU the only timely filed objection.

Notwithstanding this Court's sale (D.I. 98) and deposit (D.I. 102) orders, February 23rd, the Court ordered that Agent SX SASU by 2:00 p.m. on  Monday, 28th February deposit a check for $90,000 with the Clerk.  The situation with the Vessel, including its officers and crew (who are all from Ukraine and want to return home, if they now can) is dire.  To the extent that this Court's deposit order of February 23, 2022  (D.I. 103),amends this Court's sale order (which required objector's deposit(s) to be received by close of business on February 23), it is respectfully submitted that the Court can and should reconsider D.I. 103 and confirm the sale.

**Agent SX SASU has given no indication whether or not, it will make any deposit**: Despite repeated request, Agent SX SASU, by counsel, has not indicated whether it will make any deposit, by Monday, 28th February or otherwise.  In the meantime, the Crew remain unpaid;

the Captain's credentials as Captain expire, Sunday, February 27th, and all of the Crew want to return home to their families in Ukraine.

Movants have requested Agent SX SASU to confirm whether a deposit is forthcoming (or not) and have not received a response as of the time of this filing. Respectfully, the Court can also require that Agent SX SASU confirm in a written submission to the Court on or before 12:00 noon today, Friday February 25, 2022 whether it intends to comply with the deposit order of D.I. 103 or not. If no deposit is forthcoming, then it is respectfully submitted that there is no further grounds to uphold the confirmation of sale so that Alexander Navigation Inc. may take possession of the Vessel and cargo without delay.

The Crew and CAC therefore move that this Court approve and confirm the Vessel and Cargo sale and herewith submit a draft order.

## Rule 7.1.1 Statement

On Friday, February 25, 2022 pursuant to Local Rule 7.1.1 undersigned Delaware counsel discussed the above motion with Delaware counsel for Objector Agent SX, which opposes the motion.

Respectfully Submitted,

SIMMS SHOWERS LLP                    YOUNG CONAWAY STARGATT
                                      & TAYLOR LLP

*/s/ J. Stephen Simms*                  */s/ Timothy Jay Houseal*
J. Stephen Simms (*pro hac vice*)       Timothy Jay Houseal (Del. Bar ID No. 2880)
Simms Showers LLP                       Rodney Square
201 International Circle, Ste. 230      1000 North King Street
Baltimore, Maryland 21030              Wilmington, DE 19801
Telephone:    (410) 783-5795           (302) 571-6682
Facsimile:    (410) 510-1789           thouseal@ycst.com
jssimms@simmsshowers.com

*Attorneys for CAC Maritime, Ltd.*

Dated:  February 25, 2022